Richard R. WIER, Jr., Attorney General of the State of Delaware, Petitioner,

v.

Albert J. STIFTEL, President Judge of the Superior Court of the State of Delaware, and the Superior Court of the State of Delaware, Respondents.

Supreme Court of Delaware.

Submitted June 30, 1977.

Decided July 20, 1977.

Richard R. Wier, Jr., Atty. Gen., Charles M. Oberly, III, State Prosecutor, and Milton P. Shafran and Charles K. Meuse, Asst. Attys. Gen., Wilmington, for petitioner.

Bruce M. Stargatt, of Young, Conaway, Stargatt & Taylor, Wilmington, and Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for respondents.

Before DUFFY and McNEILLY, Justices, and MARVEL, Chancellor.

PER CURIAM:

In this mandamus action the Attorney General seeks an order compelling the Superior Court to place three pending criminal cases on the Criminal Trial Calendar. Responsive pleadings and/or motions were filed by Judges of the Court. By direction of this Court, counsel briefed the power of the Superior Court to remove the cases in question from the Trial Calendar. After briefing was completed, and as part of the submission, in compliance with this Court's instruction, counsel have filed memoranda concerning the present status of the cases which are the subject of the suit and other pertinent matters.

After reviewing the briefs and noting the significant area of agreement among the parties as to the constitutional responsibilities of the Attorney General for the prosecution of criminal offenses, and of the Superior Court for control of the Criminal Calendar, we conclude that no present purpose would be served by an in depth statement or analysis of the governing law. Indeed, we find little disagreement as to that law and as to the respective responsibilities of the Court and the Attorney General.

As we view the conflict, difficulties have arisen, in part at least, as a result of processing the cases on a quasi-administrative basis rather than deciding each of them in an adjudicative context. See, for example, President Judge Stiftel's letter to counsel dated June 26, 1975 stating that "trial of the . . . cases [here involved] has been considered at length at a conference of the Judges of the Superior Court"; the decision announced in that letter was, apparently, a "conference" judgment. Uniform policy within a court is certainly desirable, and often is essential, but when applied to a specific case it should be supplemented by findings and conclusions appropriate to the case and embodied in a definitive order.

■ Given the large area of agreement as to the law, the period of time which has passed since the complaint was filed on March 30, 1976, and the absence of specificity by the Superior Court in its processing, we conclude as follows:

(1) The Attorney General may file in the Superior Court, at his discretion, a motion to place each of the cases here in issue on the Trial Calendar.

(2) If he files such a motion, it shall be promptly noticed and heard, in accordance with the Superior Court Rules governing motions, and without reference to any prior rulings by the Court which led to this action. Specifically, the Attorney General shall not be obliged to show, in order to secure a favorable ruling, changed circumstances from those which existed at the time the Court made prior rulings about the Trial Calendar. In a word, any such motion shall be judicially determined on its merits under the circumstances existing at the time, including the condition of the Calendar, the nature of the offenses, speedy trial requirements, and the availability of judicial manpower.

(3) If the Superior Court determines to deny such motion it shall state on the record, and in reasonable detail, its findings of fact and conclusions of law as to each such case.

(4) From such ruling the parties shall have a right of appeal in accordance with the governing law.

IT IS SO ORDERED.