# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JEFFREY MORTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) C.A. No. N21M-03-148 FWW |
| v. | ) |
| | ) |
| KATHLEEN JENNINGS, | ) |
| | ) |
| Respondent. | ) |

Submitted: June 4, 2021
Decided: June 8, 2021

*Upon Petitioner's Motion for Default Judgment*
**DENIED.**

*Upon Respondent's Motion to Dismiss Petitioner's Petition for a Writ of
Mandamus/Rule to Show Cause for Serious Physical Illness, Injury, or Infirmity*
**GRANTED.**

## ORDER

Jeffrey Morton, Philadelphia, PA, *pro se.*

Anna E. Currier, Esquire, Deputy Attorney General, State of Delaware Department
of Justice, 820 North French Street, 6th Floor, Wilmington, DE 19801, Attorney for
Respondent Kathleen Jennings.

**WHARTON, J.**

This 8th day of June 2021, upon consideration of Petitioner Jeffrey Morton's ("Morton") Motion for Default Judgment, and Respondent Kathleen Jennings'("Jennings") Response; and Respondent Kathleen Jennings' Motion to Dismiss Petitioner's Writ of Mandamus, and the record in this case, it appears to the Court that:

1. Morton, when an inmate at the Howard R. Young Correctional Institution ("HRYCI"), submitted a Petition for a Writ of Mandamus/Motion to Compel/Rule to Show Cause for Serious Physical Illness, Injury or Infirmity ("Petition").[1] The Petition asks this Court to issue a writ of mandamus "compelling the prothonotary of the State of Delaware to schedule his VOP forthwith" and for this Court to "release him on his own recognizance until such time as he can attend his VOP hearing."[2] He also asks the Court to issue a writ of mandamus "compelling the Prothonotary to schedule him for a bail review hearing immediately."[3] The petition giving rise to these requests for relief is an exegeses on the infection risks of a Level V inmate at HRYCI during the COVID-19 pandemic. Although Morton does not allege that he has contracted COVID-19, he alleges that he is at a serious

---

[1] D.I. 1.
[2] *Id.*
[3] *Id.*

risk of contracting it in violation of his Eighth Amendment rights due to the conditions existing at HRYCI and the staff's alleged indifference to those risks.[4]

2. After Morton submitted his petition, on April 29, 2021, a letter captioned "STATEMENT OF DEFAULT. CASE NO. N21M-03-148 FWW" was submitted to the Prothonotary signed "Jabari Beeks, Petitioner."[5] The Court is unaware of what connection Jabari Beeks ("Beeks") has to the Petition, except that he plainly is not the Petitioner. The letter enclosed an "Affidavit in Support of Default Judgment" and asks that "the matter" be docketed and notification thereof be sent to Beeks at HRYCI.[6] The enclosed "Petitioner's Affidavit in Support of Default Judgment" was signed my Morton, and his signature was notarized.[7] The affidavit represents that a timely answer had not been filed by Jennings and demands an unspecified sum of money not exceeding the amount demanded in the complaint.[8]

3. On May 3, 2021, Jennings[9] moved to dismiss on two grounds – first, Morton has an adequate remedy for a violation of his Eighth Amendment rights through a 42 U.S.C. § 1983 action in United States District Court, and second, even

---

[4] *Id.*
[5] D.I. 7.
[6] *Id.*
[7] D.I. 8.
[8] *Id.* The Petition did not seek monetary damages.
[9] The Petition simply lists "Kathleen Jennings" as the respondent. Jennings is the Attorney General, and, presumably, Morton intends to bring this petition against her in her official capacity and not in her personal capacity. Accordingly, the Court will treat the petition in that fashion.

3

if mandamus is the proper remedy, Morton has not established that he has any medical need that is being deliberately disregarded by prison officials.[10] Jennings is correct, but as set out below, the Petition has a number of even greater deficiencies.

4.    On May 10, 2021, the Court directed Morton to respond to Jennings' Motion to Dismiss and Jennings to respond to Morton's request for a default judgment.[11] Both responses were due by June 4th.[12] The Court's direction included an admonition that failure to respond will result in the filings being deemed unopposed.[13] Jennings submitted her response on May 21st.[14] On June 2nd, the Court's letter to Morton at HRYCI was returned with the notation, "Returned to Sender, Refused, Unable to Forward."[15] It appears that Morton has been released. He has not provided the Court with a forwarding address.

5.    In its response to Morton's request for a default judgment, Jennings notes that service was made on her on April 12th, and the Motion to Dismiss was filed on May 3rd, making her response to the Petition timely under Superior Court

---

[10] D.I. 9.  Morton does not allege that he has contracted COVID-19.
[11] D.I. 10.
[12] *Id.*
[13] *Id.*
[14] D.I. 14.
[15] D.I. 15.

Civil Rule 12(a).[16] Jennings is correct, and accordingly, the Motion for Default Judgment is **DENIED.[17]**

6.    Turning to Jennings' Motion to Dismiss, "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[18] In order for the writ to issue, the petitioner must demonstrate that: 1) he has a clear right to the performance of the duty; 2) no other adequate remedy is available; and 3) the agency has arbitrarily failed or refused to perform its duty.[19] Finally, a writ of mandamus will not issue to compel a discretionary act.[20]

7.    Jennings seeks to have the Petition dismissed for two reasons. First, Morton has another remedy is available under 42 U.S.C. § 1983 to purse his Eighth Amendment claims.[21] Second, on the merits, he has not established that he has any

---

[16] D.I. 14.

[17] In any event, the request for default judgment seeks a money judgment, something not requested in the Petition. D.I. 1.

[18] *Samans v. Dep't. of Correction,* 2015 WL 1421411 at *1 (Del., Mar. 27, 2015) quoting *Clough v. State,* 686 A.2d 158, 159 (Del. 1996).

[19] *Id.,* citing *In re Bordley,* 545 A.2d 619, 620 (Del. 1988).

[20] *Id.,* citing *Darby v. New Castle Gunning Bedford Educ. Ass'n.,* 336 A.2d 209,211 (Del. 1975).

[21] Def's Mot. to Dismiss at 3, D.I.9.

5

medical need that is being deliberately disregarded by Department of Corrections officials.[22]

8.     It is obvious to the Court that the Petition must be dismissed, although not for the reasons asserted in the motion alone.  There are other more fundamental problems with the Petition.  Jennings is the Attorney General.  The Petition seeks a writ of mandamus compelling the "prothonotary of the State of Delaware," an office that does not exist,[23] to schedule his violation of probation hearing and a bail review hearing.  The Attorney General has no authority over the Prothonotary to require it to do what Morton asks.  The petition does not seek a writ of mandamus compelling the respondent Attorney General to do anything.  Moreover, even if Morton sought the writ to compel the Attorney General to schedule those hearings, case scheduling is not a duty the Attorney General is authorized to perform.[24]

9.     Two other judges of this court have addressed nearly identical petitions recently.  Both petitions were dismissed on Jennings' motions, but for different reasons.  In *Romano v. Jennings* the petition was dismissed because the petitioner failed to respond to the court's direction to submit a response to Jennings' motion to dismiss.[25]  Morton has failed to respond to Jennings' Motion to Dismiss here as well,

---

[22] *Id.* at 4-6.
[23] The Court assumes Morton means the New Castle County Prothonotary.
[24] *See, Wier v. Stiftel,* 377 A.2d 3 (Del. 1977).
[25] 2021 WL 1986561 (Del. Super. Ct. May 17, 2021).

but for a different reason. It appears Morton was released prior to receiving the Court's directive to respond. Nevertheless, he has an obligation to keep the Court informed of his address. He has failed to do that. Perhaps he can be reached at the address in criminal file is valid, but it is not the Court's obligation to research his whereabouts to ensure that he receives notice of the Court's directives in this action. In *Long v. Jennings*, Jennings argued, as she does here, that petition should be dismissed because the petitioner had an available remedy under 42 U.S.C. § 1983.[26] The court in *Long* agreed and granted Jennings' motion to dismiss. This Court agrees too.

10. Finally, Morton has been released after posting bail.[27] Thus, he has largely succeeded in obtaining the relief his seeks.

11. Accordingly, for all those reasons, Respondent's Motion to Dismiss Petitioner's Writ of Mandamus is **GRANTED.**

**THEREFORE,** Petitioner Jeffrey Morton's Motion for Default Judgment is **DENIED.** Respondent Kathleen Jennings' Motion to Dismiss Writ of Mandamus is **GRANTED.** The Petition is **DISMISSED.**

**IT IS SO ORDERED**.

/s/ *Ferris W. Wharton*
Ferris W. Wharton, Judge

---

[26] 2021 WL 2134854 (Del. Super. Ct, May 25, 2021).
[27] *State v. Morton,* ID# 1910007361, D.I. 33.

7