# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHARLES MELVIN, )
)
    Petitioner, )
)
    v. )    C.A. No. N21M-07-036 CEB
)
KATHLEEN JENNINGS, )
)
    Respondent. )

## ORDER

Submitted: September 24, 2021
Decided: December 21, 2021

*Upon Consideration of Respondent Kathleen Jennings's Motion to Dismiss*,
**GRANTED**.

Charles Melvin, Smyrna, Delaware. *Pro se Petitioner*.

Nicholas D. Picollelli, Jr., Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, Wilmington, Delaware. *Attorney for Respondent Kathleen Jennings*.

**BUTLER, R.J.**

On this 21st day of December 2021, in consideration of Respondent Kathleen Jennings's motion to dismiss, it appears to the Court that:

1.      Petitioner Charles Melvin was convicted on home invasion and related felony theft and weapons charges and is currently serving a 14-year sentence at the James T. Vaughn Correctional Center ("JTVCC").[1]  Now confined, he argues he must be released because JTVCC cannot protect him from COVID-19,[2] which he says is "destined" to visit him someday.[3]

2.      To put social distance between himself and JTVCC, Mr. Melvin has filed a *pro se* petition for a writ of mandamus.  He asks the Court to order Respondent, Attorney General Kathleen Jennings, to "schedule a hearing" on reducing his sentence to an unspecified level and a period of probation.[4]  Failure to release him from jail 10 years early, he insists, would amount to a violation of the Eighth Amendment's ban on cruel and unusual punishment.[5]  The Attorney General has moved to dismiss the petition.  For the reasons below, the motion is granted.

---

[1] *See* Cr. I.D. Nos. 1802004302, 1711009882.
[2] The Court notes, for jurisdictional purposes, that Mr. Melvin's concerns may be moot.  He filed his petition amid "Phase 2" of Delaware's COVID-19 State of Emergency and conditions at JTVCC seem to have improved measurably since. *See generally Active COVID-19 Cases (Offenders)*, Del. Dep't of Corr., https://doc.delaware.gov/assets/documents/Confirmed_COVID_Cases.pdf (last updated Dec. 9, 2021) (noting that only one inmate at JTVCC has COVID-19 but is "asymptomatic" and stating that almost 2/3 of population is vaccinated).
[3] Petition ¶¶ 4, 21.
[4] *Id.* at Prayer.
[5] *Id.* ¶¶ 8–19.

3. A motion to dismiss a mandamus petition is reviewed under this Court's Civil Rule 12(b)(6).[6] In considering a Rule 12(b)(6) motion, the Court (i) accepts as true all well-pleaded factual allegations in the complaint; (ii) credits vague allegations if they give the opposing party notice of the claim; (iii) draws all reasonable factual inferences in favor of the non-movant; and (iv) denies dismissal if recovery on the claim is reasonably conceivable.[7] The Court, however, need not draw "unreasonable inferences" in the non-movant's favor[8] or adopt any of the non-movant's "strained" factual interpretations.[9] Accordingly, dismissal is appropriate if "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[10]

4. *Pro se* pleadings generally are construed more liberally than counseled ones.[11] But "[t]here is no different set of rules for *pro se*" litigants.[12] The Court "cannot disregard or rewrite controlling law to accommodate a *pro se* party."[13]

---

[6] *E.g.*, *Adams v. Jennings*, 2021 WL 3673239, at *1 (Del. Super. Ct. Aug. 5, 2021).
[7] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).
[8] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).
[9] *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).
[10] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. Ct. 2021) (internal quotation marks omitted).
[11] *See, e.g.*, *Browne v. Robb*, 583 A.2d 949, 959 (Del. 1990); *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).
[12] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).
[13] *Griffin v. Ramirez*, 2021 WL 5577261, at *1 (Del. Super. Ct. Nov. 30, 2021).

5. Mandamus is an "extraordinary remedy."[14] So there are several requirements that a petitioner must satisfy before a writ of mandamus can be issued. First, the petition must contemplate a valid subject for mandamus.[15] Second, the petition must be directed to an official or agency with actual authority to redress the harm the petitioner alleges.[16] Third, the petitioner must establish a "clear legal right" to the proper government official or body's performance of a certain duty.[17] Fourth, fulfillment of the duty must be "non-discretionary" or "ministerial," *i.e.,* a duty that is "'prescribed with such precision and certainty that nothing is left to . . . discretion or judgment.'"[18] Last, even if all these requirements are met, the writ cannot be issued unless "no . . . legal remedy is available" except mandamus.[19]

6. The Attorney General's motion must be granted. To begin, a request for immediate release from prison is not a valid subject for a writ of mandamus.[20] An early release involves a sentence reduction or a conviction reversal and so must be sought under Criminal Rules 35 and 61 or through the appellate process. True, all three options are time-barred now, as Mr. Melvin was convicted and sentenced

---

[14] *In re State*, 918 A.2d 1151, 1157 (Del. 2007).
[15] *Desmond v. Phelps*, 2011 WL 7144241, at *2 (Del. Super. Ct. Nov. 4, 2011), *aff'd*, 2012 WL 424891 (Del. Feb. 8, 2012); *see In re State*, 616 A.2d 292, 294 (Del. 1992).
[16] *E.g., Black v. Carroll*, 2004 WL 1964976, at *1–2 (Del. Aug. 19, 2004).
[17] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[18] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (quoting *Guy v. Greenhouse*, 1993 WL 557938, at *1 (Del. Dec. 30, 1993)).
[19] *In re State*, 918 A.2d at 1157.
[20] *E.g., In re Pethel*, 2009 WL 1059073, at *1 (Del. Apr. 21, 2009).

4

over three years ago.[21] But a defendant cannot circumvent the time bars of criminal procedure by resort to a mandamus petition to achieve a result foreclosed under an appropriate but unavailable rule.[22] Accordingly, the petition fails for lack of a valid subject.

7.    Even if the subject of Mr. Melvin's request were proper, a writ of mandamus directed to the Attorney General would not be.  The Attorney General's rights and duties are enumerated exhaustively by statute.[23]  But the power to "schedule hearings," *i.e.*, dictate a court's calendar, is not on the list.[24]  A public official cannot be compelled by court order to do something she has no authority or obligation to do.  So the petition fails for lack of a proper official.

8.    Liberally construed, Mr. Melvin's petition might have assumed the Attorney General controls the Department of Corrections.  She does not.  Only DOC can seek an inmate's early release.[25]  And it does so whenever it determines there is

---

[21] Del. Supr. Ct. R. 6(a)(iii)–(iv); Del. Super. Ct. Crim. R. 35(b), 61(i)(1).  To be clear, COVID-19 is not an excuse for untimely filings, especially since Mr. Melvin's conviction became final before the pandemic began.  *See, e.g.*, *Perry v. State*, 2021 WL 508499, at *1 (Del. Feb. 10, 2021); *State v. Baker*, 2020 WL 2789703, at *1 (Del. Super. Ct. May 29, 2020); *cf. State v. Belfield*, 2021 WL 872648, at *3 (Del. Super. Ct. Mar. 9, 2021).

[22] *See, e.g.*, *In re Claudio*, 2001 WL 117986, at *1 (Del. Jan. 30, 2001); *In re Birowski*, 1987 WL 37392, at *1 (Del. May 11, 1987).

[23] *See* 29 *Del. C.* § 2504 (2020).

[24] *Morton v. Jennings*, 2021 WL 2355232, at *2 (Del. Super. Ct. June 8, 2021) (citing *Wier v. Stiftel*, 377 A.2d 3, 3–4 (Del. 1977)).

[25] *Hernandez–Vargas v. State*, 2020 WL 5951372, *2 (Del. Oct. 7, 2020) (citing 11 *Del. C.* § 4217 (2020)).

"good cause."[26]  That determination, however, is purely discretionary, and a writ of mandamus cannot be issued to compel an agency to exercise its discretion one way or another.[27]  So the Court cannot order DOC to release Mr. Melvin either. Accordingly, Mr. Melvin's petition fails for lack of a clear legal right to the performance of a non-discretionary duty.

9.  Even if Mr. Melvin somehow has stated a clear legal right to the release he seeks, his petition still must be dismissed.  As explained, a writ of mandamus cannot be issued unless there is no other remedy.  As this Court has repeatedly held, claimants like Mr. Melvin could bring their constitutional claims in federal court via Section 1983.[28]  Access to an alternative remedy is dispositive of mandamus.  So the petition fails for lack of necessity.

---

[26] *Id.*

[27] *E.g.*, *Croll v. Metzger*, 2019 WL 2394238, at *1 (Del. June 5, 2019).

[28] *E.g.*, *Adams*, 2021 WL 3673239, at *2; *Morton*, 2021 WL 2355232, at *2; *Beeks v. Jennings*, 2021 WL 2349993, at *2 (Del. Super. Ct. June 8, 2021); *Long v. Jennings*, 2021 WL 2134854, at *3 (Del. Super. Ct. May 25, 2021); *see Lewis v. May*, 2021 WL 4516706, at *2 (Del. Super. Ct. Sept. 30, 2021); *Pinkston v. Del. Dep't of Corr.*, 2013 WL 6433960, at *3 (Del. Super. Ct. Dec. 4, 2013); *Washington v. Dep't of Corr.*, 2006 WL 1579773, at *2 (Del. Super. Ct. May 31, 2006); *see generally* 42 U.S.C. § 1983 (2020).  *See also Ward v. Hennessy*, 2004 WL 1790193, *1 (Del. Aug. 3, 2004) (affirming on alternative remedy grounds dismissal of mandamus because petitioner filed civil lawsuit on what he sought by mandamus).

10. Finally, even if the Court were to ignore all of these threshold requirements, Mr. Melvin's underlying Eighth Amendment claim would fail on the merits.[29]

11. The Eighth Amendment proscribes "unnecessary and wanton . . . pain" caused by the government's "deliberate indifference" to an inmate's "serious medical needs."[30] To state an Eighth Amendment claim, the plaintiff must allege (i) a specific, serious medical need that is either diagnosed or readily apparent; and (ii) the government's knowledge of, but "disregard" for, that need.[31] Deliberate indifference involves subjective culpability.[32] Recklessness, not negligence, is required, and unsafe living conditions alone are not enough to impose liability:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference . . . . The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission

---

[29] As discussed below, Mr. Melvin's alleged injuries are speculative. Failure to allege a concrete or imminent injury ordinarily raises a standing problem. In turn, a standing problem can challenge this Court's subject matter jurisdiction. But because the Attorney General has moved under Rule 12(b)(6), rather than under Rule 12(b)(1), and because Mr. Melvin's theoretical harm is bound closely to his Eighth Amendment claim, the Court retains limited jurisdiction to resolve the merits. *See Appriva S'holder Litig. Co. LLC v. EV3, Inc.*, 937 A.2d 1275, 1285–86 (Del. 2007).
[30] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (internal quotation marks omitted).
[31] *Johnson v. Connections Cmty. Support Programs, Inc.*, 2018 WL 5044331, at *2 (Del. Oct. 16, 2018).
[32] *See Estelle*, 429 U.S. at 105–07.

unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage . . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment.[33]

To survive dismissal, an inmate claiming an Eighth Amendment violation based on health-related harm must allege more than a generalized fear of contracting a disease.

12. Mr. Melvin has not. Shorn of boilerplate case citations, his petition does not contain a serious medical need or adequately allege deliberate indifference. Mr. Melvin does not marshal pre-existing or current medical conditions or unique vulnerabilities that make him any more susceptible to illness than anyone else. And he does not identify any JTVCC practices or personnel targeting him for mistreatment. Instead, he simply alleges that he is "destined" to get COVID-19. He says nothing more. The Court, however, is instructed to dismiss a mandamus petition where the basis for the petition is "unclear."[34] The cruel and unusual punishment Mr. Melvin believes he has been experiencing is far from clear.

13. Moreover, speculative allegations of future harm devoid of urgency or specificity are insufficient for sustaining a writ of mandamus and an Eighth Amendment claim.[35] Here, Mr. Melvin does not allege anything particularly unsafe

---

[33] *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994) (citations omitted).
[34] *Brittingham*, 113 A.3d at 524.
[35] *E.g.*, *Pleasonton v. Hugg*, 2010 WL 5313228, at *1–2 (Del. Super. Ct. Nov. 29, 2010); *see Helling v. McKinney*, 509 U.S. 25, 33–35 (1993) (recognizing an Eighth Amendment claim based on future harm where the "unreasonable risk" of future

8

about JTVCC, beyond that it is a prison, or deficient about its medical protocols, other than that it is not a hospital. But without a specific, serious medical need, and concrete allegations of deliberate indifference, Mr. Melvin's petition does not support a reasonable inference that he is cruelly and unusually exposed to COVID-19.[36] Indeed, it would be a "strain" to read his petition otherwise.[37] So the Court will not. Accordingly, Mr. Melvin's Eighth Amendment allegations fail to state a reasonably conceivable claim.

14. For the foregoing reasons, the Attorney General's motion to dismiss is **GRANTED** and Mr. Melvin's petition is **DISMISSED**.

**IT IS SO ORDERED**.


Charles E. Butler, Resident Judge

---

harm is alleged with more than "speculative" probability). *See also Andrews v. State*, 2021 WL 2418962, at *1 (Del. June 11, 2021) (dismissing petitioner's reliance on *Helling* as misplaced because the case "does not relate to" whether a sentence modification is the appropriate remedy for credible allegations of future harm).

[36] *See, e.g., State v. Desmond*, 2020 WL 7630768, at *2 (Del. Super. Ct. Oct. 21, 2020); *State v. Wilkerson*, 2020 WL 3265565, at *2 (Del. Super. Ct. June 17, 2020); *State v. Baker*, 2020 WL 3060577, at *3 (Del. Super. Ct. June 9, 2020); *State v. Bednash*, 2020 WL 2917305, at *1 (Del. Super. Ct. June 3, 2020); *see also State v. Smith*, 2021 WL 416394, at *3 n.20 (Del. Super. Ct. Feb. 8, 2021) (observing that generalized allegations of COVID-19 exposure cannot form the basis for a post-conviction or sentencing claim and collecting authority).

[37] *But see Malpiede*, 780 A.2d at 1083.